T.C. Memo. 1997-123


UNITED STATES TAX COURT


ROBERT AND ELLA M. TOLBERT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3978-95.                    Filed March 10, 1997.


<u>Martin B. King</u>, for petitioners.

<u>Ruth Perez</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Chief Judge</u>:  Respondent determined deficiencies in

and additions to petitioners' Federal income taxes as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|-------------------------|
| 1989 | $19,456 | -0- |
| 1990 | 6,013 | $1,151.80 |
| 1991 | 15,400 | 2,844.20 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues remaining for decision are: (1) Whether petitioners overstated gross income on their 1989 Schedule C; (2) whether petitioners are entitled to a theft loss deduction in 1989; (3) whether petitioners are entitled to deductions for charitable contributions in 1989, 1990, and 1991; (4) whether for 1991 petitioners are entitled to additional deductions on Schedule C or to an additional deduction for mortgage interest; and (5) whether petitioners are liable for the section 6651(a)(1) addition to tax for 1990 and 1991.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time of the filing of their petition, petitioners resided in Hyattsville, Maryland.

During the years in issue, Robert Tolbert (petitioner) operated a construction business known as Tolbert's Construction. Petitioner reported the income and expenses from this business on Schedule C. Petitioner did not maintain any books or records for Tolbert's Construction during 1989, 1990, or 1991.

Tolbert's Construction had several different jobs during 1989, including the following:

1. Phillip H. and Susan M. Hecht
2. Government of the District of Columbia
3. Bryant Street, N.W.
4. I Street, S.E.
5. K Street, N.W.
6. Capital Cab, 1033 3rd Street
7. Southern Baptist Church, 134 L Street

The Hecht job was not completed until sometime during 1990. Petitioner received cash payments for jobs performed at Bryant Street, N.W.; I Street, S.E.; and K Street, N.W.

Petitioners reported $232,349.35 as gross receipts on their 1989 Schedule C. The amount reported was derived from a schedule generated by petitioners' tax return preparer, David Richardson (Richardson). Richardson generated the schedule based on conversations with petitioner and on limited bank statements provided to Richardson by petitioner.

In November 1993, during the course of the examination of their 1989, 1990, and 1991 returns, petitioners submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for 1989 indicating $197,433.78 in gross receipts. The Form 1040X computed gross receipts based solely on bank deposits and included no gross receipts from cash transactions.

Petitioners were not members of any specific church during 1989, 1990, or 1991. Instead, petitioners attended from time to time one of three or four different churches. Petitioners made cash contributions when they attended church. Petitioners did not receive and did not request a record of their contributions from any of the churches that they attended.

Petitioners timely filed their 1989 Federal income tax return. Petitioners' 1990 Federal income tax return was filed on July 30, 1991. Petitioners' 1991 Federal income tax return was filed on August 14, 1992. Petitioners did not request or receive any extension of time to file their returns for 1990 or 1991.

OPINION

Petitioners bear the burden of proving that respondent's determination is erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133. This burden includes substantiating the amount of deductions claimed. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Schedule C Income--1989

Petitioners argue that respondent should be required to accept their 1989 Form 1040X, which reflects decreased gross receipts for Tolbert's Construction. Petitioners contend that their original 1989 Schedule C was incorrect because it included amounts received in 1990 for the Hecht job.

Petitioners cite C.H. Mead Coal Co. v. Commissioner, 106 F.2d 388 (4th Cir. 1939), revg. 38 B.T.A. 1163 (1938), in support of their position. In C.H. Mead Coal Co., the taxpayer filed an amended return to make an election for computation of a depletion allowance when the election was omitted from the original return. In deciding that the Commissioner abused her discretion in

failing to accept the amended return, the Court of Appeals for the Fourth Circuit stated:

> If an amendment made to correct a mistake, presented within a reasonable time, is rejected through a narrow and harsh construction of the law, to the detriment of the taxpayer, such rejection is arbitrary and unjust. It certainly is not the duty of the Commissioner to deprive a taxpayer of any rights justly due him. [Id. at 391.]

This case, however, does not involve an election made on an amended return, and, in our view, it was not "presented within a reasonable time." The issue is whether petitioners in fact overreported gross receipts on the return originally filed by them. The gross receipts reported on that return are admissions that must be overcome by cogent evidence. Estate of Hall v. Commissioner, 92 T.C. 312, 337-338 (1989); Lare v. Commissioner, 62 T.C. 739, 750 (1974), affd. without published opinion 521 F.2d 1399 (3d Cir. 1975); Kaltreider v. Commissioner, 28 T.C. 121, 126 (1957), affd. 255 F.2d 833 (3d Cir. 1958).

If a portion of the Hecht payments were reported in error in 1989, discovery of the error should have occurred in 1991, when the 1990 return was prepared, not in 1993 when petitioners' 1989, 1990, and 1991 returns were being examined. The belatedness of this claim reflects on its validity.

Petitioner testified that Tolbert's Construction had four jobs during 1989. His testimony is contradicted by other more contemporaneous and more reliable evidence, including the admissions on the original return. Tolbert's Construction had at

least seven jobs during 1989 and received cash payments for work performed. Petitioners failed to keep accurate records of those cash receipts. Petitioner testified that the gross receipts calculation in the amended return was based solely on 1989 bank deposits from the Hecht job, the D.C. Government job, the Capitol Cab job, and the Southern Baptist Church job. Tolbert's Construction was paid in cash for jobs at Bryant Street, N.W.; I Street, S.E.; and K Street, N.W. Petitioners did not include these receipts in their calculation of their 1989 Schedule C gross receipts on the amended return. The evidence shows that the amended return is incorrect.

Petitioners have not established that they overreported their gross receipts for 1989. Respondent committed no error in failing to accept petitioners' amended return.

Theft Loss--1989

Respondent disallowed petitioners' claimed theft loss on their 1989 return. The only evidence of the claimed loss is petitioner's testimony that certain items were purportedly stolen and that the cost of the stolen items was about $10,000. Petitioner did not produce a police report and testified that he did not report all of the alleged thefts to the police. Without corroborating evidence, we decline to accept petitioner's vague testimony. Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. T.C. Memo. 1969-159. Petitioner has failed to prove either that the loss occurred or the correct amount of the

loss.  Zmuda v. Commissioner, 79 T.C. 714, 727 (1982), affd. 731 F.2d 1417 (9th Cir. 1984).

Charitable Contributions--1989, 1990, and 1991

Respondent disallowed all claimed charitable contribution deductions on petitioners' 1989, 1990, and 1991 returns. Petitioners claimed $3,490, $5,010, and $4,220 in 1989, 1990, and 1991, respectively, for deductions for gifts to charity.

At trial, petitioners testified regarding the churches they attended, the church pastors' names, and the frequency of their church attendance.  Petitioners claimed that they each gave $35 to $40 cash on every occasion that they attended church. Petitioners' testimony was the only evidence presented.  They now assert that they are entitled to deduct $2,400 per year-- substantially less than they claimed on their returns.

We conclude that petitioners' testimony as to the contributed amounts is not reliable.  We have found, however, that petitioners attended church during the years in issue and made cash contributions to the churches they attended.  We conclude that petitioners are entitled to a deduction of $500 for gifts to charity in each of the years in issue.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

Other Deductions--1991

In the notice of deficiency, respondent determined that petitioners were entitled to deduct $9,698 of cash expenses on their 1991 Schedule C.  Respondent has allowed an additional

$3,587 in cash expenses for 1991.  Petitioners presented no evidence at trial and no argument on brief to support the allowance of any additional cash expenses.

Respondent determined that petitioners were entitled to $363 of the $2,071 claimed as mortgage interest and points on their 1991 return.  Petitioners presented no evidence at trial and no argument on brief regarding the remaining $1,708 disallowed by respondent.

Petitioners have either abandoned these issues or failed to carry their burden of proof.  Respondent's determination with respect to these issues will be sustained.

## Section 6651(a)(1) Addition to Tax--1990 and 1991

Section 6651(a)(1) imposes an addition to tax for failure to file timely a return, unless the taxpayer establishes that the failure did not result from "willful neglect" and that the failure was due to "reasonable cause".  The addition to tax equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent.  Sec. 6651(a)(1).

Petitioners bear the burden of proving that respondent's determination is incorrect.  Rule 142(a); Cluck v. Commissioner, 105 T.C. 324, 339 (1995).  Petitioners failed to offer any evidence or explanation regarding the late filing of their 1990

and 1991 returns.  Thus, respondent's determination that petitioners are liable for the section 6651(a)(1) addition to tax for 1990 and 1991 will be sustained.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.